IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| SUSAN HANNON | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:19-cv-01427- RDB |
| HOME DEPOT U.S.A., INC. | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
AS TO THE ISSUE OF DEFENDANT'S NEGLIGENCE AND PROXIMATE CAUSE**

Plaintiff Susan Hannon, by and through her attorney, Michele R. Kendus of Kendus Law LLC, submits the following Memorandum of Law in Support of her Motion for Partial Summary Judgment, and further states as follows:

**I.   INTRODUCTION**

In this premises liability action, Plaintiff claims that on April 26, 2016, she was a business invitee and customer shopping at a local Home Depot store when a display unit with shelving consisting of several heavy pieces of lumber laid across a metal support frame collapsed, causing the boards to fall and strike Plaintiff on the head, neck and shoulder (the "incident"). Plaintiff further claims that Defendant Home Depot, U.S.A., Inc. ("Home Depot") and its employees were negligent, and that their negligent conduct caused the incident. *See* ECF 4, Pl. Compl. Count I ¶¶ 9-11. In support of her claims, Plaintiff has produced an expert mechanical engineer, Jason Kiddy, PhD, who will offer opinions to establish that the shelving unit (the "subject display unit") was erected in such a way that was in violation of Home Depot's own policies and procedures, that the subject display unit created an unsafe and hazardous condition, that there was a safer alternative

of which Defendant was aware but did not employ, and that the boards collapsed on Plaintiff due to the unsafe condition created by Defendant. *See* Affidavit of Jason S. Kiddy, PhD attached as Exhibit 1 (Kiddy Aff.).

Defendant has produced no evidence through any documents, fact witness or expert witness that can establish that Home Depot, and/or its employees, followed safety protocols, policies and/or procedures when the subject display was erected, or that it was otherwise erected in a way to be reasonably safe. Because Defendant has produced no such documents or witnesses, the only reasonable inference from the evidence on the record, even when viewed in the light most favorable to Defendant, is that the subject display unit erected by Home Depot employees presented an unsafe and hazardous condition that resulted in the boards falling and striking Plaintiff. Plaintiff, is, therefore, entitled to partial summary judgment as a matter of law on the issue of Defendant's negligence and proximate cause, as discussed more fully below.

## II. FACTUAL BACKGROUND AND EXPERT EVIDENCE

### A. UNDISPUTED MATERIAL FACTS

There is no genuine dispute regarding the following facts, which are material to the issue of Defendant's negligence:

1. On April 26, 2016 Plaintiff was shopping at the Home Depot Store No. 2503, located at 6000 Baltimore National Pike, Catonsville, Maryland 21228. As such, Plaintiff was Home Depot's business invitee and customer. *See* Plaintiff's Affidavit, attached as Exhibit 2 ("Hannon Aff.").

2. Plaintiff entered the Home Depot store to purchase an Adirondack chair that she had seen advertised by Home Depot, which she found inside the store, to the right of the entrance, stacked at floor level, beneath the subject display. *See* Exh. 2, Hannon Aff. The subject display was erected using a metal frame and several pieces of lumber board laid loosely across the frame

to create a shelf, which was positioned approximately 4 to 5 feet above the floor (over the displayed Adirondack chairs) to hold additional merchandise. *Id*.

3. Ms. Hannon leaned under the subject display to obtain the Adirondack chair she wished to purchase, which was at the top of a stack of 4-5 chairs nested together. *Id*. As she lifted the top chair off, it bumped the boards above, and at least two boards fell from the frame, striking Ms. Hannon on the back of the head, neck and left shoulder as she fell to her right side, catching herself with her right hand on the ground. *Id*.

4. Defendant "maintains and manages the store at issue and is responsible for the area in which plaintiff claims to have been injured." Defendant's Answers to Interrogatories, relevant excerpts attached as Exhibit 3 ("Def. ATI") at Def. ATI No. 2.

5. Following the incident, the subject display was re-erected, but Defendant made no change to the display. *See* Exh. 3, Def. ATI No. 15. There is no genuine dispute, therefore, that Photographs taken on April 29, 2016, depict how the chairs for purchase were displayed beneath the lumber boards that were placed across the metal frame, leaving sufficient height for customers to walk under the boards to access the merchandise. *See* Exh. 2, Hannon Aff. at ¶¶ 2-4 and its supporting exhibit A (Hannon Aff. Exh. A: Photographs).

6. Home Depot's internal policies require the use of wire decking for shelves installed above vertically stacked merchandise over six feet high. *See* "Asset Protection Policy," excerpts of which were produced by Home Depot under Consent Protective Order, relevant pages attached as Exhibit 4 ("APP") at p. 57.

7. Home Depot's internal policies require the use of spacers for all instances when lumbar boards, referred to as "wood stickers," are used as the decking material, primarily to prevent fire damage. *See Id.*, at p. 111. The subject display did not include spacers with the wood stickers. *See* Exh. 1, Kiddy Aff. and its supporting exhibit B ("Kiddy Aff. Exh. B:Report").

8. The "Standard for Merchandise on Floor or Shopping Level" produced by Home Depot under Consent Protective Order requires that "Ask for Assistance" stickers be placed on the end caps of large bulky products. *See* SAF 09-28, excerpt p. 28 produced by Home Depot under Consent Protective Order, attached as Exhibit 5. There were no "Ask for Assistance" or any other signs or warnings instructing customers to seek assistance at or near the subject display. See Exh. 2, Hannon Aff. at ¶ 2.

## B. PROFFERED TESTIMONY AND OPINIONS OF PLAINTIFF'S MECHANICAL ENGINEERING EXPERT, JASON S. KIDDY, PhD

Jason S. Kiddy, PhD is a mechanical engineer and forensic investigator who was timely designated as Plaintiff's expert in this matter. Dr. Kiddy conducted an engineering investigation and proffered opinions within his field of expertise regarding what factors caused and/or contributed to the incident. *See* Exh. 1, Kiddy Aff. Dr. Kiddy's investigated included his personal interview of Plaintiff, review of the written discovery responses from both parties, review of documents produced by Defendant including the APP (Exh. 4 identified *supra*.) and the SAF 09-28 (Exh. 5 identified *supra*.), review of the April 28, 2016 photographs of the subject display (Exh. 2 Hannon Aff. Exh. A:Photographs identified *supra*.), a personal site visit to the Catonsville Home Depot store on January 20, 2020, and a personal site visit to a Lowes Home Improvement store to investigate the practices of a direct competitor. *See* Exh. 1, Kiddy Aff. Exh. B:Report.

In his detailed investigation and analysis of the evidence, Dr. Kiddy calculated that the subject display was set up in such a way as to invite customers to stoop under the self to retrieve the displayed merchandise, that the chairs were stacked under the shelf in such a way that it was not obvious to the customer that the chair could not be safely lifted from the stack, the chairs were stacked under the shelf in such a way that an attempt to lift the top chair from the stack would result in striking the loose boards above, and that when Ms. Hannon lifted the chair it did strike the loose boards above and caused them to fall on her. *See* Exh. 1, Kiddy Aff. Exh. B:Report at pp. 5-9.

In sum, Dr. Kiddy offers the following opinions that establish Defendant's negligence, and that such negligence caused the boards to fall and strike Plaintiff's body as described:

a. Attempting to remove one of the chairs from a stack of four or five chairs located underneath the shelf would result in the chair contacting the underside of the wood stickers above as the chair was lifted from the stack;

b. The impact from the chair striking the wood stickers dislodged them from the edges of the beams, causing them to fall and strike Ms. Hannon;

c. Wire decking was a more appropriate shelving choice for multiple reasons (stability, fire protection, and merchandise display), was known and available to the Home Depot, and would have prevented Ms. Hannon's incident and injuries;

d. Home Depot failed to follow their own standard with respect to the display of large bulky products and the requirement to place "Ask for Assistance" stickers near the display;

e. Had Home Depot used wires shelving above the vertically stacked Adirondack chairs, Ms. Hannon's incident would not have occurred;

f. The installation of the wood stickers without the use of sticker spacers violated Home Depot's internal policies, as stated in their Asset Protection Manual;

g. If Home Depot had utilized sticker spacers, as required by their own standards, the wood stickers would have been partially restrained from moving when accidentally contacted, which likely would have prevented them from being dislodged and falling.

Exh. 1, Kiddy Aff. at ¶4.

## III. LEGAL ARGUMENT

### A. Legal Standard: Summary Judgment

Summary judgment is "not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (citation omitted).

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-9 (1986).

When considering a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor. *Id*. But, to survive summary judgment the non-moving party must provide evidence through its own affidavits, depositions, answers to interrogatories, and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v Catrett*, 477 U.S. 317, 324 (1986). In other words, to avoid summary judgment, a party must present such evidence to raise a genuine issue of material fact "such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Further, a court must award summary judgment if the evidence "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. *See also Jones v. C.H. Robinson Worldwide, Inc.*, 558 F.Supp. 2d 630, 634 (W.D. Va. 2008)("When a motion for summary judgment is supported by affidavits or other evidence as provided for in Rule 56, the opposing party may not rest upon the allegations in the pleadings and must, instead present evidence showing that there is a genuine issue for trial.").

B. **Essential Elements of Plaintiff's Claims Under Maryland Law**

A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice of law rules. *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). Regarding tort claims, Maryland applies the law of the state where the alleged harm occurred ("lex loci delicti"). *See, e.g., Proctor v. Washington Metropolitan Area Transit Auth.*, 412 Md. 691, 726, 990 A.2d 1048, 1068 (2010); *Erie Ins. Exch. v. Heffernan*,

399 Md. 598, 625, 925 A.2d 636, 651 (2007); *Phillip Morris, Inc. v. Angeletti*, 358 Md. 689, 744, 752 A.2d 200, 230 (2000). In this case, because the alleged events took place in Maryland, the substantive tort law of Maryland governs Plaintiffs' negligence claim. *See Hauch v. Connor*, 295 Md. 120, 123-24, 453 A.2d 1207, 1209 (1983).

"Under Maryland law negligence means doing something a person using reasonable care would not do, or not doing something a person using reasonable care would do," and "reasonable care means 'that caution, attention or skill a reasonable person would use under similar circumstances'". *Curry v. J. C. Penney Corp.*, Civil Action No. WGC-09-830, 2010 U.S. Dist. LEXIS 23286, * 9-10 (D. Md. Mar. 12, 2010) (quoting Maryland Civil Pattern Jury Instruction 19:1).

In a premises liability case such as this, Maryland law places a duty upon an owner or occupier of land (business invitor) to exercise reasonable care to "protect the invitee from injury caused by an unreasonable risk" that the business invitee would be unlikely to perceive in the exercise of ordinary care for her own safety, and about which the business invitor knows or could have discovered in the exercise of reasonable care. *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388, 693 A.2d 370, 374 (1997) (quoting *Casper v. Shas. F. Smith & Son*, *Inc.*, 316 Md. 573, 582, 560 A.2d 1130, 1135 (1989)). The burden rests with "the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence." *Tenant*, 115 Md. App. at 389 (quoting *Zappala*, 233 Md. at 446); *see also Rehn*, 153 Md. App. At 593 (citing *Moulden*, 239 Md. at 232).

**C. Plaintiff is Entitled To Partial Summary Judgment As A Matter Of Law Because The Evidence Is Undisputed That Defendant Created A Dangerous Condition That Caused The Subject Display To Fall On Plaintiff.**

In this case, the evidence put forth by Plaintiff leaves no reasonable question that Defendant, Home Depot, created a dangerous condition. There is no dispute that Home Depot erected the subject display, and Defendant has produced no evidence through any document, fact witness or expert witness to raise a genuine dispute regarding whether the subject display, as erected, was reasonably anticipated to remain stable. To the contrary, as explained by Plaintiff's expert, Dr. Kiddy, the subject display was erected in a way that was contrary to Home Depot's own internal policies and procedures. *See* Exh. 1, Kiddy Aff. Further, had the display been erected in accordance with Home Depot's policies and procedures, using wire decking, or used "sticker spacers" with the lumber "wood stickers," the lumber boards would not have dislodged and fallen on Ms. Hannon. *See Id*. The stairs were also stacked in such a way that, while not obvious to the customer, created the risk that lifting the top chair from the stack would likely result in bumping the loose boards above, causing them to dislodge and fall. *See Id*. Additionally, the subject display was erected in such a way as to invite customers to stoop beneath it to retrieve the chairs for purchase, with no signs or other warnings to the customers to ask for assistance, which is again contrary to Home Depot's own policies. *See Id*. Had there been a warning sign, Ms. Hannon would not have attempted to obtain the chair herself, but instead would have sought assistance from an employee. *See* Exh. 2, Hannon Aff. at ¶2.

In summary, there is no genuine dispute that subject display was erected contrary to Home Depot's own policies and procedures, which created a dangerous condition that was not obvious to its customers, and as a result the display collapsed while Ms. Hannon was under it, causing the heavy lumbar boards to strike her. As such, Defendant breached its duty to its customer, Plaintiff,

to exercise reasonable care to "protect the [customer] from injury caused by an unreasonable risk" that Plaintiff was unlikely to perceive in the exercise of ordinary care for her own safety, and about which Defendant knew or should have known in accordance with its own policies and procedures. *See Tenant*,115 Md. App. at 388. This Court should, therefore, find that Defendant was negligent, and that Defendant's negligence proximately caused the causing the boards of the subject dispto fall and strike Plaintiff on the head, neck and shoulder. *See Jones v. C.H. Robinson Worldwide, Inc.*, 558 F.Supp. at 635 (finding the defendant driver in a motor vehicle accident negligent as a matter of law and that her negligence was the proximate cause of the accident where the evidence clearly established that the defendant driver "was at fault causing the accident" and there was no evidence that any other instrumentality was at fault.).

## IV. CONCLUSION

For all the foregoing reasons and for good cause shown, Plaintiff respectfully requests this Honorable Court enter an Order granting its Motion For Partial Summary Judgment and to enter an Order finding that as a matter of law, Defendant was negligent and that Defendant's negligence proximately caused the incident that allegedly caused Plaintiff's injuries and damages.

Respectfully submitted,

_____
Michele R. Kendus (Fed. Bar #26586)
Kendus Law LLC
300 East Lombard Street
Suite 840
Baltimore, Maryland 21202
michele@kendus-law.com
Tel.: (443) 690-1922; Fax: (410) 814-7539
***Attorney for Plaintiff***