IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

SUSAN HANNON                              *

      Plaintiff,                        *

v.                                        *        Case No. 1:19-cv-01427- RDB

HOME DEPOT U.S.A., INC.                   *

      Defendant.                        *

*       *       *       *       *       *       *

## DEFENDANT HOME DEPOT'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CROSS-MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot"), by counsel and in Opposition to Plaintiff's Motion for Partial Summary Judgment and in support of its Motion for Summary Judgment on Plaintiff's claims, states as follows:

## GENERAL OVERVIEW

Plaintiff has filed a complaint against Defendant Home Depot U.S.A., Inc. arising out of an incident in which Plaintiff claims that she attempted to pick up an Adirondack chair that was stacked on display on the floor beneath a shelving unit that consisted of wood boards across a beam and in striking the wood shelf, the wood fell and struck her.  See ECF 2.  Specifically, Plaintiff's claims against Home Depot sound in negligence/premises liability.

Plaintiff has moved for partial summary judgment seeking judgment on the issues of negligence and proximate cause.  Specifically, Plaintiff argues that she is entitled to summary judgment because Home Depot has not put forth evidence that the shelving at issue was not a

dangerous condition and that Home Depot's alleged negligence was the proximate cause of the incident because the board's fell.  Plaintiff's Motion must be denied because whether the condition of the shelf was dangerous is a genuinely disputed material fact.  Further, Plaintiff is not entitled to judgment as a matter of law because she has not put forth any admissible or dispositive evidence as to whether Home Depot failed to exercise ordinary care in protecting her from the alleged dangerous condition.   Finally, Plaintiff has not demonstrated that Home Depot's alleged negligence proximately caused her injuries as a matter of law.

Furthermore, Home Depot is entitled to summary judgment on Plaintiff's claims of negligence because Plaintiff's own decisive action in placing herself under the shelf, lifting the chair while under the shelf and striking the shelf with the chair was contributorily negligent as a matter of law and was the sole cause of her alleged injuries.  Accordingly, judgment should be entered in favor of Home Depot on Plaintiff's Complaint.

## STANDARD OF GRANTING SUMMARY JUDGMENT MOTION

Summary judgment is appropriate where the moving party establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Id.   If "the evidence [is] so one-sided that one party must prevail as a matter of law," the court must grant summary judgment in that party's favor.  Id. at 268.

The summary judgment procedure allows a party to defeat any dilatory tactics resulting from the assertion of unfounded claims, thus promoting the expeditious disposition of cases

where no genuine issues of fact have been raised.  Bland v. Norfolk & So. R.R. Co., 406 F.2d 863 (4th Cir. 1969).  As summary judgment is not a disfavored procedural shortcut, a proper summary judgment motion should be granted unless the parties truly dispute a material fact. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1228 (4th Cir. 1987) (trial court judges have "an affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial").

Although the movant has the initial burden of proof to support its Motion for Summary Judgment, "the non-moving party must [respond by] producing specific facts showing that there is a genuine issue for trial, rather than resting upon the bald assertions of his pleadings."  Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).  "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice."  Ross, 759 F.2d at 364.  See also, Celotex Corp., 477 U.S. at 332-34 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").  "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Subject matter jurisdiction in this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  When a federal court's jurisdiction is based on diversity of citizenship, the court must apply the substantive law of the state where it sits.  Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78 (1938).  In this case, the Court must apply Maryland's law on negligence.

## MATERIAL FACTS NOT IN DISPUTE

This action arises out of an incident that allegedly occurred on April 26, 2016 at a Home Depot store in Catonsville, Maryland.  Specifically, Plaintiff alleges that she entered the store to

3

purchase a plastic (resin) Adirondack chair.  The chairs were stacked at floor level under a shelf that held additional merchandise.  See Plaintiff's Answers to Interrogatories, Nos. 4, 17 attached hereto as Exhibit 1 and photographs of the display attached hereto as Exhibit 2.[1]  The shelf above the chairs consisted of lumber across a metal frame.  See Id.  The display itself consisted of upright steel beams with cross beams containing a ledge.  Two inch by six inch wood boards laid across the horizontal cross beams and rested on the inside ledges of the front and rear beams of the shelving unit.  See Home Depot's Supplemental Answers to Int., No. 10, p. 9 attached hereto as Exhibit 3[2]; Report of Jason S. Kiddy, Ph. D. [ECF 20-2], p. 14. Rather than pull the chairs out from under the shelf to retrieve the desired item or request assistance to obtain the chair she desired, Plaintiff placed herself underneath the shelf and lifted the chair, causing it to strike the wood shelf, and dislodging the wood boards.  See Pl.'s Ans. to Int. No. 4 (Exhibit 1).  Plaintiff claims that the wood shelves fell and struck her person.  Id.  Plaintiff does not claim that the boards fell on their own, only that the boards fell after she struck them with the chair.

## ARGUMENT

**I.     PLAINTIFF'S MOTION MUST BE DENIED BECAUSE SHE HAS FAILED TO CARRY HER BURDEN IN PROVING THAT THE SHELF CONSTITUTED A DANGEROUS CONDITION, WHICH IS A GENUINELY DISPUTED MATERIAL FACT**

In Maryland, a proprietor of a store "owes a duty to his customers to exercise ordinary care, [and] to keep the premises in a reasonably safe condition." Moulden v. Greenbelt Consumer Servs, Inc., 210 A.2d 724, 726 (Md. 1965). The mere happening of an accident in the proprietor's store, however, does not create any presumption of negligence. Garner v. Supervalue, Inc., 396 Fed.

---

[1] Only relevant, referenced pages of Plaintiff's Answers to Interrogatories are attached hereto and portions of the Answers included have been redacted in order to protect Plaintiff's privacy. If the court desires a full copy of Plaintiff's Answers to Interrogatories, Defendant will file same under seal at the Court's request.

[2] Only relevant, referenced pages of Defendant's Answers to Interrogatories are attached hereto.

Appx. 27, 29 (4th Cir. 2010) ("No presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store.") (quoting.Rawls v. Hochschild, Kohn & Co., 113 A.2d 405, 408 (Md. 1955)). "Maryland courts have emphasized that a store operator is 'not an insurer of the safety of his customers.'" McCrae, v. Shoppers Food Warehouse Corp., 2012 U.S. Dist. LEXIS 88838 at *5-6 (D. Md. 2012) (quoting Moulden, 305 Md. At 320, 503 A.2d at 1343)) aff'd 504 Fed. Appx. 240 (4th Cir. Md. 2013).

To sustain a claim of negligence against a proprietor, a plaintiff must establish that a dangerous condition existed.  Maans v. Giant of Md., LLC, 871 A.2d 627, 630-32 (Md. App. 2005); Rehn v. Westfield Am., 837 A.2d 981, 984 (Md. App. 2003). See also Tennant v. Shoppers Food Warehouse Md Corp., 115 Md. App. 381, 389, 693 A.2d 370, 375 (1997) (noting that there is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated).  Plaintiff has failed to meet this burden of proof and instead simply recites, "the evidence put forth by Plaintiff leaves no reasonable question that… Home Depot… created a dangerous condition" without specifying the dangerous condition or any fact in support that it existed. See Plaintiff's Mem. [ECF 20-1] at p. 8. Instead, Plaintiff argues that Home Depot has not produced evidence that the shelf "was reasonably anticipated to remain stable." Id. However, it is not Home Depot's burden to disprove the existence of a dangerous condition rather, Plaintiff bears the affirmative obligation to prove the condition was dangerous.  See Ramseur v. United States, 587 F. Supp. 2d 672, 680 (D. Md. 2007) ("[The Plaintiff] has the burden of proof on a negligence claim and must factually support each element of her claim.")

Plaintiff has not put forth any evidence that the shelf was dangerous or unstable prior to contact made with it by Plaintiff.  It is undisputed that the shelf was comprised of boards resting on a ledge.  See Exh. 3 and ECF 20-2, p. 14.  It is also undisputed that the boards Plaintiff claims

fell and struck her, did not fall on Plaintiff until **after she struck them** with the Adirondack chair she was lifting while it was in the shelving unit.  See Exh. 1.  While Plaintiff essentially appears to argue that because the shelf fell, it is unreasonably dangerous, in reaching this conclusion, Plaintiff ignores the fact that the display/shelf in its stable condition, did not fall on Plaintiff.  It was only after Plaintiff's actions in striking the display with the chair and with such force to cause the boards to be displaced that the boards fell.  Moreover, Plaintiff's claim that Home Depot has offered no evidence that it reasonably anticipated the shelf to remain stable, belies the fact that it had remained stable until Plaintiff's actions.

Assuming *arguendo* that Plaintiff has produced evidence that a dangerous condition existed, there is a genuine dispute of fact as to whether the condition was in fact dangerous. Specifically, Defendant contends that the shelf was not unreasonably dangerous because it remained stable absent contact initiated by Plaintiff in striking the shelf and dislodging the boards when she lifted the chair and struck the shelf. As a material dispute of fact exists as to whether the display was in fact dangerous, Plaintiff is not entitled to summary judgment.

## II.    PLAINTIFF HAS NOT PUT FORTH ANY DISPOSITIVE EVIDENCE WHICH PROVES THAT HOME DEPOT FAILED TO EXERCISE ORDINARY CARE, AND GENUINE DISPUTES OF MATERIAL FACT EXIST WITH RESPECT THERETO

Plaintiff argues that she is entitled to judgment as a matter of law that Home Depot failed to exercise ordinary care to protect her from a condition of the shelf. In support thereof, Plaintiff relies upon her claim that Home Depot did not erect the display in accordance with Home Depot's internal policies. However, a violation of a company's internal policies does not establish negligence. See Barnes v. Costco Wholesale Corp., 2019 U.S. Dist. LEXIS 174109, n. 2 (D. Md. 2019) (citation omitted.) (noting that a violation of Costco's internal policies does not establish negligence). Indeed, "the Maryland Court of Appeals has long held that the custom and practice

of a party as distinguished from general custom and practice is inadmissible (as to the issue of negligence) since it is not helpful in a determination of what constitutes reasonable care." <u>Doe v. Prudential Ins. Co. of Am.</u>, 860 F. Supp. 243, 252-253 (D. Md. 1993) (internal citations and quotations omitted). Stated differently, Home Depot's internal policies, which are generally unknown to the public, do not determine the applicable standard of care owed to the public. Therefore, even if the shelf did not comply with its own internal policies, this fact does not establish as a matter of law that Home Depot was negligent and failed to exercise reasonable care. For that reason, this Court should not enter summary judgment against Home Depot based upon any alleged violation of its own procedures.

Plaintiff's remaining arguments in support of her claim that Home Depot failed to exercise reasonable care are based entirely on the opinions of her expert, Dr. Kiddy. Specifically, Dr. Kiddy opines that the "stairs [sic]… created the risk that lifting the top chair … would likely result in bumping the loose boards… causing them to fall" and "the display was erected in such a way as to invite customers to stoop beneath it… with no signs or other warnings to the customers to ask for assistance…" <u>See</u> Plaintiff's Mem. [ECF 20-1] at p. 8. However, not only has Dr. Kiddy not yet been cross-examined by Home Depot, his opinions are not dispositive of any material fact.

Indeed, the opinion of an expert witness, the grounds upon which it was formed, and the weight to be attached to it, are matters for consideration of the jury. <u>See</u> <u>Samuel v. Ford Motor Co.</u>, 112 F. Supp. 2d 460, 469, (Md. 2000) (citations omitted).  It is solely the role of the jury, not this court, to accept or reject an expert's admitted opinion regardless of whether the court is convinced the expert's testimony is reliable and certain.  <u>Id.</u>  Assuming that Dr. Kiddy's opinions are admissible, Plaintiff effectively asks this Court to determine the weight, if any, a jury would give to these opinions and render summary judgment solely based upon these opinions. Since the

evaluation of Dr. Kiddy's testimony rests solely within the province of the jury, and it is the decision of the jury alone whether Home Depot breached its duty of care owed to Plaintiff, this Court should deny Plaintiff's motion for partial summary judgment.

Furthermore, the opinions of Dr. Kiddy relied upon by Plaintiff are likely inadmissible, and therefore are insufficient to support Plaintiff's instant motion, because the opinions are speculative, will not help the jury understand the evidence or determine a fact in issue, and constitute Dr. Kiddy's own subjective belief.  It is well accepted that expert's opinions are only admissible if the expert's scientific, technical or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue.  See Fed. R. Evid. 702 (a); White Marlin Open, Inc. v. Heasley, No. RDB-16-3105, 2017 U.S. Dist. LEXIS 57412, at *8 n.4 (D. Md. Apr. 14, 2017); see also Persinger v. Norfolk & W. R. Co., 920 F.2d 1185, 1188 (4th Cir. 1990) ("noting that the Fourth Circuit has "held that Rule 702 excludes expert testimony on matters within the common knowledge of jurors") (citations omitted); see also Mathias v. Shoemaker, 2017 U.S. Dist. LEXIS 132999, No. RDB-15-2261at *6 (D. Md. Aug. 21, 2017 ("[W]here an expert merely opines as to possibilities and does not opine as to facts, the expert is engaging in speculation and conjecture … [which] would not assist the trier of fact to understand the evidence in this case or to determine facts in issue.").

Here, Dr. Kiddy's opinions cited by Plaintiff merely compare facts (such as whether there was a violation of Home Depot's policies), restate Plaintiff's account of the alleged accident, or speculate as to what would happen if the facts of this case were different. Indeed, Dr. Kiddy's report and affidavit do not cite any industry standard applicable to the shelf or purport to define the applicable standard of care in this matter, without which Plaintiff has failed to establish that Home Depot breached any standard of care.  Furthermore, Dr. Kiddy provides opinions beyond

his expertise as a mechanical engineer and attempts to bolster Plaintiff's position that it was reasonable for her to place her body in to the shelving unit in opining that open access to the shelving unit invited her to place her person in to the unit.  For these reasons, Dr. Kiddy's opinions are insufficient to support Plaintiff's instant motion and the motion should therefore be denied.

III.   **HOME DEPOT'S ALLEGED NEGLIGENCE DID NOT PROXIMATELY CAUSE PLAINTIFF'S ALLEGED INJURIES**

"It is a basic principle that negligence is not actionable unless it is a proximate cause of the harm alleged." Pittway Corp. v. Collins, 409 Md. 218, 243, 973 A.2d 771, 786 (2009) (internal quotations omitted). "To be a proximate cause for an injury, the negligence must be 1) a cause in fact, and 2) a legally cognizable cause." Id. "In other words, before liability may be imposed upon an actor, [Maryland] require[s] a certain relationship between the defendant's conduct and the plaintiff's injuries." Id. at 243-244, 786. "Although an injury might not have occurred 'but for' an antecedent act of the defendant, liability may not be imposed if for example the negligence of one person is merely passive and potential, while the negligence of another is the moving and effective cause of the injury . . . ." Peterson v. Underwood, 264 A.2d 851, 855 (Md. 1970) (citation omitted.)

While the question of proximate cause is ordinarily a question for the jury, the trial court may resolve the issue as a matter of law if "there is no dispute as to what *actually happened* and reasonable minds can draw but one inference from the facts as presented…." See Owens v. Simon, 226 A.2d 548, 550-551 (1967) (emphasis in original). Moreover, a dispute as to what actually happened must be based on hard information as opposed to mere speculation. Indeed, the Maryland Court of Special Appeals has held:

> To choose one disputed actual observation of an event over another contradictory observation is a classic function of fact-finding. To conjure up a theory out of nothing, by contrast, is rank speculation. The absence of hard information that necessitates such speculation does not create a genuine dispute of fact. A factual mystery, perhaps, but not a factual dispute.

Garval v. City of Rockville, 938 A.2d 51, 56 (2007) (affirming trial court's grant of summary judgment for failure to establish causal connection between alleged property defect and plaintiff's fall).

Here, Plaintiff claims that the shelf "was erected contrary to Home Depot's own policies and procedures" and "as a result… collapsed while Ms. Hannon was under it…" See Pl.'s Mem. [ECF 20-1] at p. 8.  Plaintiff's assertion glosses over the fact that the boards comprising the shelf only fell after Plaintiff struck and dislodged them from the ledge on which they rested.  See Exh. 1; Dr. Kiddy Report [ECF 20-2], p. 14.  While the use of wire decking or spacers may have prevented the wood from falling after being struck as opined by Dr. Kiddy, it was solely Plaintiff's actions in striking the shelf that resulted in the wood boards falling.  Plaintiff has put forth no evidence that the shelf moved prior to her striking them or that they ever would have moved had Plaintiff not exerted force from underneath the shelf.  The wood boards at issue were resting on a ledge of the front and back beams.  See Exh. 4; Dr. Kiddy Repot [ECF 20-2], p. 14.  In sum, even if Home Depot was negligent, its negligence was passive, while Plaintiff's negligence in striking the boards was active and the proximate cause of the boards falling and striking her person.  See Peterson, 264 A.2d at 855.  Accordingly, not only is there an absence of evidence that Home Depot's alleged negligence proximately caused Plaintiff's alleged injuries, Plaintiff's admitted act of contacting the boards creates as fact in favor of granting summary judgment in favor of Home Depot on the issue of proximate cause. Accordingly, Plaintiff is not entitled to summary judgment on the issue of causation and this Court should deny her instant motion.

**IV.   HOME DEPOT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT AS PLAINTIFF'S ACTION IN PLACING HER PERSON UNDER THE SHELVING, LIFTING THE CHAIR WHILE UNDER THE SHELVING AND STRIKING THE SHELVING WITH THE CHAIR WERE CONTRIBUTORILY NEGLIGENT AS A MATTER OF LAW.**

That a plaintiff's own contributory negligence is a bar to her recovery has been the long established law in Maryland.  In <u>Pennsylvania R.R. Co. v. State, to Use of McGirr</u>, 61 Md. 108, 121 (1883), the court stated "if the evidence clearly demonstrates that the infliction of the injury complained of would have been impossible had the injured party observed due care and caution, the plaintiff is not entitled to recover in the action."  Under Maryland law, a party's own negligence in causing or contributing to an occurrence of which she complains is a complete bar to her claims.  <u>Harrison v. Montgomery County Bd. of Educ</u>., 456 A.2d 894, 898 (Md. 1983) (citations omitted).   In the instant matter, the Plaintiff's injury would not have occurred had Plaintiff simply observed due care and caution and accordingly, her claim against Home Depot is barred.

Contributory negligence is defined as conduct on the part of the plaintiff which falls below the standard to which she should conform for her own protection, and which is a legally contributing cause to her injuries.  <u>Menish v. Polinger Co.</u>, 356 A.2d 233, 236 (Md. 1976).  The law contemplates that every person having the capacity to exercise ordinary and reasonable care for her own protection against injury, will do so.  <u>Id.</u>   "Contributory negligence is the failure to observe ordinary care for one's own safety. It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of prudence would do, under the circumstances.'  <u>Id.</u>  (citation omitted.)  The standard of care to be used is that of an ordinarily prudent person under the same or similar circumstances which is usually controlled by instinct to protect oneself from harm.  <u>Id.</u> (citations omitted.)

Summary judgment is appropriate on the issue of contributory negligence where the evidence shows ". . . some prominent and decisive act which directly contributed to the accident and which was of such a character as to leave no room for difference of opinion thereon by

reasonable minds." <u>Reiser v. Abramson</u>, 286 A.2d 91, 93 (Md. 1972).  If the evidence shows such an act, the issue of plaintiff's negligence is one for the court to decide.  *See* <u>Wright v. Hixon</u>, 400 A.2d 1138 (Md. App. 1979).

In the instant matter, Plaintiff failed to exercise ordinary care when she both placed her person into the shelving and lifted the Adirondack chair to such height and with sufficient force to lift the wood which she claims fell and struck her.  Plaintiff could have pulled the chairs out from under the shelf to remove the chair she desired to retrieve and purchase.  She could have requested assistance to obtain the chairs if they were out of her reach.  Rather, Plaintiff chose to place her person into the shelving.  Further, she performed the decisive acts of not only lifting the chair but lifting it to such height that it struck the shelf above her.  Furthermore, Plaintiff did not cautiously lift the chair to avoid striking the shelf above it.  Rather, she lifted the chair with sufficient force to dislodge the shelf boards which she claims fell and struck her.  An ordinary prudent person, exercising due care for her own safety, would not have performed any of the decisive acts undertaken by Plaintiff and which acts solely led to the dislodging of the shelf boards and the injuries of which she now claims.

As no reasonable mind could differ that Plaintiff's chosen actions in placing her person into the shelving display, lifting the chair while in the display and failing to provide due attention to her own safety when lifting such chair to allow it to strike the wood shelves and allow them to become dislodged, Plaintiff's actions were negligent as a matter of law and her claim against Home Depot is barred entitling it to judgment entered in its favor.

## <u>CONCLUSION</u>

Summary judgment is appropriate in favor of Home Depot as Plaintiff alone caused her injury by her own actions in retrieving the Adirondack chair and no reasonable mind could differ

that her actions were negligent.  As Plaintiff's contributory negligence is a complete bar to her

claims against Home Depot, summary judgment must be entered in Defendant Home Depot's

favor.

_____/s/ Rachel L. Stewart_____
Rachel L. Stewart, Esq. (No. 27352)
KALBAUGH, PFUND & MESSERSMITH, P.C.
3950 University Drive, Suite 204
Fairfax, Virginia 22030
(703) 691-3331
(703) 691-3332 (fax)
Rachel.Stewart@kpmlaw.com
*Attorneys for Home Depot U.S.A., Inc.*
